SANTINI FERTILIZER Co., INC., Plaintiff and Appellee, *v.* FRAN-CISCA BURGOS and ELEUTERIO and OCTAVIO HERNÁNDEZ-BURGOS, Defendants and Appellants.

No. 3706. Argued December 3, 1925.—Decided January 22, 1926.

1. CONVEYANCE—CONSIDERATION—PRESUMPTION.—In a conveyance where the vendor is paid the purchase price at the time of the execution of the deed, if the notary does not expressly and clearly certify that the price was paid before him the contract will be presumed to have been made without consideration in case a creditor should sue for its rescission, unless it is proved that the price was paid.

2. ID.—ID.—INSOLVENCY—EVIDENCE.—When a person who is indebted to others conveys all of his real property to his children without consideration that fact raises the presumption of fraud against the creditors; therefore, any other evidence, however slight, is sufficient to lead to the conclusion in an action for the rescission of the contract that the debtor was insolvent.

3. ID.—ID.—JUDGMENT—RES JUDICATA.—Although a member of a partnership is not bound individually for the debts of the partnership, when a final judgment exists ordering him to pay the obligations signed by the said partnership in favor of another, whatever may be the error in that judgment it is *res judicata* and he can not plead later that he is not such solidary debtor.

4. ID.—ID.—PLEADING.—When a supplementary complaint is filed without leave of court the adverse party should move that it be stricken out, and if that is not done it can not be pleaded later that the said complaint has no value or effect.

5. ID.—ID.—ID.—JUDGMENT.—When by a judgment rendered in another suit a party is adjudged to pay solidarily the amount of obligations sued on in another action the obligations sued on in the latter action disappear in the

judgment in the first suit and the plaintiff in the second action does not have to show, independently of said judgment, that they were owed individually.

6. ID.—ID.—ID.—When in an action to rescind a contract of sale because made in fraud of creditors it is alleged in the sworn complaint that the purchasers had knowledge of the vendor's debts when the contract was made and the answer is limited to a denial of the other points of the pleading without denying that the purchasers had knowledge of the vendor's debts, the plaintiff does not have to prove that fact.

7. ID.—ID.—ID.—EVIDENCE.—When a person has been adjudged to pay solidarily certain obligations signed by a partnership of which he was a member and he consents to the judgment, the said judgment is evidence of the fact that that person was a solidary debtor in said obligations.

8. ID.—ID.—FRAUDULENT CONVEYANCE.—A sale made in fraud of a creditor gives the creditor the right to sue for the rescission of the said sale without regard to the amount involved in the conveyance rescinded.

9. ID.—ID.—ID.—ID.—THIRD PERSON.—Whether or not the rescission of a conveyance prejudices a third person is a question which concerns him only and is not a defense for the defendants in the rescissory action.

District Court of Humacao, Pablo Berga, J. Judgment for the plaintiff in an action for rescission of conveyance. *Affirmed.*

*Luis Pereyó Quiñones* and *González Fagundo & González, Jr.,* for the appellants. *Enrique Rincón Plumey* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Santini Fertilizer Co., Inc., sued Francisca Burgos and her sons Eleuterio and Octavio Hernández Burgos for the rescission of a contract whereby Francisca Burgos sold to her said sons various real properties, alleging that in 1921 there existed the agricultural partnership of Burgos & Ortiz engaged in planting sugar cane on lands belonging to Francisca Burgos and the succession of José Hernández, of which defendants were members, the other partner of Francisca Burgos being her son-in-law Juan Ortiz, who died before the complaint was filed; that in that year the firm of Burgos & Ortiz, through its partner Juan Ortiz, bought fertilizer from the plaintiff and in payment thereof signed two solidary promissory notes payable to the corporation in June and August of 1922; that Juan Ortiz died without leaving property of any kind and the partnership owns none; that Francisca Burgos, solidary debtor in the said obligations, and her two defendant sons, who had knowledge of their

mother's debt, executed a public deed on November 6, 1922, whereby the mother conveyed to her said two sons, without consideration and in fraud of creditors, all of her properties, she thus appearing to be insolvent because after the execution of that deed she had no property of any kind, and the plaintiff has no other remedy than the present for collecting its claim against her. In a supplementary complaint filed later the plaintiff alleged that it had recovered a final judgment against Francisca Burgos as solidary debtor for the amount of the obligation mentioned, but the judgment had not been satisfied.

The defendants answered and after the plaintiff had examined its evidence at the trial they alleged that it was not sufficient to support a judgment against them and moved for a nonsuit, but their motion was overruled and as no evidence had been introduced by the defendants, judgment was entered rescinding the said contract of purchase and sale, whereupon this appeal was taken.

In support of their appeal the defendants allege that the court erred in overruling their motion for a nonsuit and in rendering judgment for the plaintiff.

[1] One of the grounds stated by the appellants for the first assignment of error is that it was not proved that the contract was made without consideration, because there was a price fixed in the deed and the notary certified to that fact.

In one of the clauses of that deed it is said "that of the $13,528.62 fixed as the purchase price the grantees reserved $6,600 to satisfy mortgage liens on one of the properties and that receipt of the remaining $6,928.62 is acknowledged by the grantor from the grantees in equal parts." And at the foot of the deed the notary says: "I read this deed to the parties and witnesses, who waived their right to read it themselves, of which I informed them, to which and to all that has been stated, I, the notary, certify."

Our Civil Code provides in section 1264 that "Contracts

by virtue of which the debtor alienates property, for a good consideration, are presumed to be executed in fraud of creditors,'' and that is the same as section 1297 of the Spanish Civil Code from which it proceeds. And article 40 of the Mortgage Law, referred to by the Supreme Court of Spain in connection with the cited section of the Civil Code in its judgment of February 20, 1899, 86 *J. C.* 328, provides that it shall be understood that no price or its equivalent figures in such contracts, when the notary does not certify to its payment, or if the contracting parties acknowledge that such payment was made prior to the execution of the contract and this fact is not established. From these statutes it is deduced that in alienations it is of great importance that if the vendors receive the price at the time of executing the deed the notary certify that the price was paid in his presence, for if he does not, the contract would be presumed to have been entered into without consideration in case any creditor of the vendor should sue for its rescission, unless it be proved that the price was paid. For this reason the notary should expressly and clearly certify that the price was paid in his presence.

In this case it is said in the deed that acknowledgment is made of the receipt of the money by the vendor at the time of executing the deed, but the notary does not certify that it was paid to her in his presence, and although it is true that at the foot of the deed the notary states that he certifies to all that is therein contained, this, at most, is equivalent to certifying that the vendor acknowledged that she received the price at that time, but not that it was paid in the notary's presence, for which reason we must conclude that said sale is presumed to have been made by the mother to her sons without consideration. Consequently, the deed exhibited by the plaintiff corroborates the presumption that the contract was made without consideration, and the defendants have introduced no evidence to destroy that presumption.

[2] The appellants also state that as the rescissory action is a subsidiary one and can be maintained only when the injured person has no other legal remedy for securing reparation, as provided for in section 1261 of the Civil Code, the plaintiff should have proved the insolvency of the defendants, but did not, for although the exhibited certificates issued by the Treasurer of Porto Rico and by the registrar of property show that Francisca Burgos had no real property, it has not been proved that she had no personal property or money in banks.

It was proved at the trial by the testimony of Andrés Quintana Reyes that the partnership of Burgos & Ortiz had no property and that the partner Juan Ortiz left no property at his death; and as regards Francisca Burgos, since the fact that she conveyed all of her real property to her two sons without consideration while she was in debt raises the presumption of fraud against her creditors, any other evidence, however slight, is sufficient to lead to the conclusion that she was insolvent, and for this reason the testimony of Quintana to the effect that the judgment recovered by the plaintiff against Francisca Burgos could not be satisfied because there was no property, can be deemed sufficient with the other evidence of the deed for the conclusion that the insolvency of the vendor was proved.

[3] Another reason stated by the appellants is that Francisca Burgos, as a member of the civil partnership of Burgos & Ortiz, is not bound individually for the debts of the partnership according to section 1600 of the Civil Code, but as there exists a final judgment against Francisca Burgos individually in favor of the Santini Fertilizer Co., Inc., on the obligations which the firm of Burgos & Ortiz signed, whatever may be the error in that judgment the question is now *res judicata* and she can not plead that she is not a solidary debtor. In respect to that judgment the appellants also say that it is not important because the action for recission is based on the two obligations referred to in the com-

plaint and not on the judgment, wherefore it should have been shown that Francisca Burgos was obliged to pay them and that said judgment has no value or effect in this action because the supplementary complaint wherein it is pleaded was filed without leave of the court.

[4, 5] If the supplementary complaint was filed without the lower court's permission, the appellants should have moved that for that reason it be stricken out, but as they did not do so, they can not plead now that it has no value. As regards the other part of appellant's argument, inas-much as the judgment orders Francisca Burgos individually to pay to Santini Fertilizer Co., Inc., the amount of the two obligations sued on, the said obligations disappeared in the judgment and the plaintiff did not have to prove independently of said judgment that they were individual debts.

[6] With respect to the failure to produce evidence to show that the purchasers had knowledge of the debts of their grantor when the deed of sale was executed, it will suffice to say that as it was alleged in the sworn complaint that the purchasers had knowledge of the debt of their mother, Francisca Burgos, when on November 6, 1922, they executed the deed whereby the mother conveyed to her two sons without consideration all of her properties for the purpose of appearing insolvent, the sworn answer only denies from that allegation that the sale was made without consideration, in fraud of creditors and for the purpose of making it appear that the grantor was insolvent, without denying that the sons had knowledge of the debts of their mother, for which reason the plaintiff did not have to prove that fact.

[7] In support of the second ground of appeal that the court erred in sustaining the complaint, it is alleged that when Santini Fertilizer Co., Inc., brought its action for rescission it was not a creditor of Francisca Burgos because she had not signed any obligation in its favor, for which reason the grantees could not have knowledge of any debt that

would prevent them from making the purchase, and that as the plaintiff was not a creditor, it had no right of action for the rescission of said sale. Replying to that it is sufficient to say that the judgment consented to by Francisca Burgos is evidence that she was solidary debtor in the obligations which Burgos & Ortiz signed in favor of the plaintiff and had become due when she made the sale.

[8] It is further said that the debt sought to be collected amounts to some $1,000 and that the rescission involved is of a sale for $13,000, which is anomalous because the plaintiff's right can not go beyond the former amount. It is true that the plaintiff can only collect what is owed to it, but it is also true that as the sale was made in fraud of its claim, the law gives it the right to sue for the rescission of the sale made in its prejudice without regard to the amount of the conveyance rescinded.

[9] The appellants allege finally that as it appears from the registry of property that one of the properties has passed to a third person who is not a party to this action by virtue of a sale made by the defendant brothers, a rescission of the whole contract can not be adjudged. Whether or not the rescission prejudices that person is a question which concerns him and it is no defense for the defendants in this action.

For the foregoing reasons the judgment appealed from should be affirmed.